UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS MENDIOLA,

    Plaintiff,

v.                                  Case No. 8:20-cv-1561-T-60SPF

HOME DEPOT U.S.A., INC. and THE
ADMINISTRATIVE COMMITTEE
HOME DEPOT U.S.A., INC.

    Defendants.
_____/

## ORDER GRANTING "DEFENDANTS' MOTION TO TRANSFER VENUE"

This matter is before the Court on "Defendants' Motion to Transfer Venue", filed on August 3, 2020. (Doc. 13). Plaintiff filed a response in opposition on August 31, 2020. (Doc. 19). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

Plaintiff Travis Mendiola is a former assistant manager of a Home Depot store in Tampa, Florida, whose employment was terminated on July 15, 2019. Plaintiff filed this suit on July 9, 2020, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as part of a class action alleging Defendants failed to send him, and other former employees, appropriate post-employment COBRA notices. Defendants now allege the matter should be transferred to the Northern District of Georgia pursuant to a valid and applicable

forum selection clause or, in the alternative, because that district constitutes a more convenient forum.

## **Legal Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

When a valid forum selection clause is present and applicable to the dispute brought, the analysis of whether to transfer venue changes in the following three respects. First, the plaintiff's choice of forum after the dispute arises should not be considered. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). Second, courts should also not consider arguments about the parties' private interests, such as convenience, in determining whether to transfer. *Id*. at 64. Third and finally, where a party flouts their contractual obligations under a forum selection clause and files suit in a different venue, "transfer of venue will not carry with it the original venue's choice-of-law rules." *Id*. Furthermore, forum selection clauses are presumptively valid. *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). Valid forum selection clauses should be "given controlling weight in all but the most exceptional cases"

and plaintiffs "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63-64 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Under ERISA, claims brought in federal district courts may be brought in the following three districts: "where the plan is administered, where the breach took place, or where the defendant resides or may be found…." 29 U.S.C. § 1332(e)(2); *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1189 (M.D. Fla. 2014).

## Analysis

Defendants here contend the instant case should be transferred to the Northern District of Georgia as required by the forum selection clause in Plaintiff's ERISA medical and dental insurance plan ("the Plan"). Alternatively, Defendants argue that the matter should be transferred because that District constitutes a more convenient forum. Plaintiff conversely argues that the forum selection clause contained in the Plan is unenforceable under the ERISA statute, does not apply to the specific claims he alleges, and that convenience commands the case be retained in this District.

While it is well-settled that while the ERISA statute sets a broad venue provision, parties remain free to contractually choose the venue for these disputes to one of the three options afforded by the statute. *Id.* (enforcing a forum selection clause for ERISA claims contained within an employer-sponsored disability plan); *In re Penn–Mont Benefit Services, Inc.*, No. 3:13-bk-05986-JAF, 2013 WL 6405046 at *11 (Bankr.M.D. Fla. Dec. 6, 2013) ("Forum selection clauses in any contract, including ERISA plans, are presumptively valid and should be enforced…"); *Kydra*

*Manuel-Clark v. Manpowergroup Short-Term Disability Plan*, 2019 WL 5558406 at *1 ("This language [referring to 29 U.S.C. § 1332(e)(2)] is permissive and does not preempt forum and venue selection clauses. Accordingly, § 1132(e)(2) does not invalidate the Plan's clause."). This is precisely what this clause seeks to do by selecting a venue where Defendants resides (the Northern District of Georgia). Seeing no statutory or policy reason to depart from the precedent favoring forum selection clauses, this Court finds the clause contained in the Plan enforceable under ERISA.

Given the forum selection clause is enforceable, the Court must now discern whether the clause encompasses the claims Defendant seeks to transfer. The pertinent text of the forum selection clause requires that actions "arising out of or related to the Plan" must be brought "in either the United States District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia." The Court finds the claims alleged in the complaint are indeed encompassed by this clause. The notice Plaintiff complains he improperly received was a notice that he may be able to enroll in COBRA healthcare coverage after his employment with Home Depot, and healthcare coverage under the Plan, were terminated. This possibility was explicitly mentioned in the Plan. (Doc. 32-1). Furthermore, the only reason this notice is required, giving rise to Plaintiff's claim, is because the Plan itself was terminated. Thus, it can be easily reasoned that the claims Plaintiff brings arise out of or relate to the Plan and are therefore subject to the Plan's forum selection clause. *See Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 124 (D.D.C. 2008) (holding that failure to provide notice of the plaintiff's

right to receive continued health care coverage under COBRA arose out of an employment agreement because that agreement offered a health care plan as part of employment).

Finding the forum selection clause is enforceable and applicable to the ERISA claims brought by Plaintiff, the clause is to be enforced and venue transferred to the Northern District of Georgia.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Transfer Venue" (Doc. 13) is hereby **GRANTED**.
2. The Clerk is directed to **TRANSFER** this case to the Northern District of Georgia, Atlanta Division for all further proceedings.
3. Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**