



FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 10 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TRAVIS MENDIOLA, individually
and on behalf of all others similarly
situated,

      **Plaintiff,**

v.                    **CASE NO.: 1:20-cv-04027-ELR**

HOME DEPOT U.S.A., INC.,
and THE ADMINISTRATIVE
COMMITTEE HOME DEPOT
U.S.A., INC.,

      **Defendants.**

_____/

## ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT

On October 8, 2021, this Court granted preliminary approval to the proposed

Class Action Settlement ("Settlement") set forth in the Plaintiff's Unopposed Motion

for Preliminary Approval of their Class Settlement Agreement (the "Settlement

Agreement"). (Doc. 75).   The Court provisionally certified the case for Settlement

purposes, approved the procedure for giving Class Notice to the Settlement Class

Members, and set a final approval hearing to take place February 10, 2022.

Following the final fairness hearing, held on February 10, 2022, the Court finds that the Notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. As such,

**NOW, THEREFORE,  IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Action Settlement is **GRANTED**.

2.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3.    The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment..

4.    The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Parties had engaged in an all-day mediation session with the assistance of an experienced neutral class action mediator, and only after counsel for both sides exchanged information on the

claims and class size.  Furthermore, Plaintiff retained counsel well-versed in the law pertaining to COBRA notice cases on a class basis.  Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

5.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member

6.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

7.      The Court finds the requirements of the Class Action Fairness Act have been satisfied.

8.      The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Marc Edelman from Morgan & Morgan, P.A., as class counsel.

9.      Further, Named Plaintiff, Travis Mendiola, shall continue serving as the Class Representative.

10.     The Court makes the following findings on Notice to the Settlement class:

(a)    The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)    The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class

Members; and (iii) comply fully with the requirements of <u>Fed. R. Civ. P. 23</u>, the United States Constitution, the Rules of this Court, and any other applicable laws.

11.    The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to <u>Fed. R. Civ. P. 23(e)</u>. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12.    The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13.    The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

14.    Pursuant to <u>Fed. R. Civ. P. 23(h)</u>, and consistent with the Eleventh Circuit's decision in *Camden I Condo. Ass'n, Inc. v. Dunkle*, <u>946 F.2d 768, 774</u> (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class"), the Court hereby awards Class Counsel Attorneys' Fees and Expenses

in the amount of one-third of the gross Settlement Fund ($271,666.66) payable pursuant to the terms of the Settlement Agreement, plus $1,615.45 in reasonable litigation costs, for a total fee and cost award to Plaintiff's counsel consisting of $273,282.11.

15.    In addition, pursuant to Fed. R. 23(e)(3), the Parties disclosed that a payment of $10,000 will be made to the named Plaintiff Travis Mendiola for a general and complete release of any claims that he may have against Defendants, including as to his employment.

16.    Except for any class members who timely submitted requests for exclusion (none have thus far), the terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.    Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

18.    This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against

Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

19.    The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

DONE and ORDERED this 10th day of February, 2022.

Honorable Eleanor L. Ross
United States District Judge
Northern District of Georgia

Copies to:
Counsel of Record